**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1433
_____

CLYDE DWAYNE DOVER,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. (A042-681-924)
Immigration Judge: Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2014

Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: August 13, 2014)
_____

OPINION
_____

PER CURIAM

Petitioner Clyde Dwayne Dover petitions for review of the Board of Immigration

Appeals' final order of removal. For the reasons that follow, we will dismiss the petition

for review in part for lack of jurisdiction and deny it in all other respects.

Dover, a native and citizen of Guyana, entered the United States in 1991 as a lawful permanent resident. He was convicted in Pennsylvania in 2011, of possession with intent to deliver cocaine, and in 2012 he was again convicted of possession with intent to deliver cocaine. Removal proceedings were initiated against Dover in 2012; he was charged in pertinent part as removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined by INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) (drug trafficking crime); and as removable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), for having committed, after admission, two crimes involving moral turpitude not arising out of a single scheme of conduct. The charges were proved in the removal proceedings and Dover did not contest either of the drug trafficking crime or two crimes of moral turpitude issues on appeal to the Board of Immigration Appeals. Dover also did not challenge the fact that these and his other convictions for "particularly serious crimes" made him ineligible for cancellation of removal, asylum or statutory withholding of removal. Accordingly, we are concerned here only with his application for relief under the Convention Against Torture, see 8 C.F.R. § 1208.16(c); § 1208.18(a).

Dover claimed in his CAT application that he feared retribution at the hands of two of his former co-conspirators because he turned government witness against them. At his hearing on May 30, 2013, Dover submitted a letter from Assistant United States Attorney Bernadette Miragliotta, dated July 21, 1997, requesting a downward departure from the Sentencing Guidelines because his cooperation with the government led to the conviction of Floyd Hercules and Gary Williams for narcotics trafficking between

2

Guyana and the United States. At his hearing on September 4, 2013, Dover admitted that in 1994 he transported 24.7 kilograms of cocaine from Guyana to New York City. For his service he was to be paid $5,000, money he never received because U.S. authorities confiscated the drugs. Dover claimed that either Williams, or Vincent David, the head of the drug conspiracy, has threatened to kill him, presumably because he failed to deliver the drugs to their contact in New York. Dover testified that both David and Williams are connected with, and protected by, the government of Guyana, and Williams, he believes, is now back in Guyana.

The Immigration Judge denied Dover's CAT application, concluding that he had not met his burden to show that it was more likely than not that a Guyanese government official or person acting on behalf of the government would torture him or acquiesce in his torture. The IJ assumed that Dover testified credibly and noted that the 2012 U.S. State Department Country Report and other documentary evidence showed that there is significant police corruption in Guyana and significant drug trafficking. Nevertheless, the totality of the evidence showed that the Guyanese government does not as a matter of policy encourage or facilitate drug trafficking. In addition, there was no independent evidence to show that the Guyanese government, or anyone acting on its behalf, had acquiesced in the specific drug trafficking activities of Gary Williams and/or Vincent David. The IJ concluded that "any actions engaged in by corrupt public officials at the behest of Vincent David and/or Gary Williams and/or any member of their scheme would be the actions of isolated rogue agents … which are not only in contravention of

3

Guyana's laws and policies, but are committed despite authorities' best efforts to root out such misconduct." Immigration Judge's Decision, at 23.

Dover appealed to the Board of Immigration Appeals, which confined its review to the IJ's decision to deny CAT relief because Dover raised no other issues. In a decision dated February 11, 2014, the Board dismissed the appeal. The Board concluded that the IJ correctly determined that Dover failed to show that the Guyanese government, or persons acting on its behalf, is willfully blind to his risk of torture. In addition, the Board determined that the IJ's findings as to the likelihood of future events were not clearly erroneous.

Dover timely petitioned for review, and the Attorney General has moved to dismiss the petition for lack of jurisdiction on the ground that it does not present a reviewable legal issue. A motions panel of this Court referred the motion to dismiss to a merits panel. The only exhausted issue over which we may potentially exercise jurisdiction is the agency's denial of Dover's application for deferral of removal under the Convention Against Torture.[1] Although we have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal, our jurisdiction to review the denial of Dover's CAT application is limited to constitutional or legal questions because Dover is removable due to aggravated felony convictions. 8 U.S.C. § 1252(a)(2)(C)-(D); Pierre v.

---

[1] An alien must exhaust all administrative remedies as a prerequisite to raising a claim in this Court. See 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989). Dover's failure to challenge before the Board any issue other than the CAT issue constitutes a failure to exhaust administrative remedies and deprives us of jurisdiction over the issue of whether deferral of removal under the CAT is the only form of relief available to him, see Lin v. Att'y Gen. of U.S., 543 F.3d 114, 119-20 (3d Cir. 2008).

4

Att'y Gen. of U.S., 528 F.3d 180, 184 (3d Cir. 2008).  Questions of law include matters of statutory interpretation, and whether the Board applied the correct burden of proof. See Roye v. Att'y Gen. of U.S., 693 F.3d 333, 339 (3d Cir. 2012).

Kaplun v. Att'y Gen. of U.S., 602 F.3d 260 (3d Cir. 2010), sets forth the Board's standard for reviewing a CAT determination made by the IJ: what is likely to happen to the petitioner if removed is a factual inquiry reviewed for clear error, and whether what is likely to happen amounts to torture is a legal inquiry that is reviewed de novo.  See id. at 271-72.  Because our jurisdiction in this case is limited by statute to constitutional claims and questions of law, we lack jurisdiction to review the denial of Dover's CAT application to the extent that he is challenging the IJ's factual findings regarding what is likely to happen to him in the future.  See Green v. Att'y Gen. of U.S., 694 F.3d 503, 506 (3d Cir. 2012) (addressing CAT application for deferral of removal and holding that Court lacks "jurisdiction to review factual findings underlying a removal order against an alien who has committed a controlled substance offense").  Accordingly, we will grant the Attorney General's motion in part, and dismiss the petition for review in part for lack of subject matter jurisdiction to the extent that Dover is challenging the IJ's CAT-related factual findings.

We do, however, have jurisdiction to the extent that Dover contends that the Board did not properly apply our decisions in Silva-Rengifo v. Att'y Gen. of U.S., 473 F.3d 58 (3d Cir. 2007), and Gomez-Zuluaga v. Att'y Gen. of U.S., 527 F.3d 330 (3d Cir. 2008). Dover argues that the Board required him to show that the Guyanese government would approve of the alleged torture, or would have knowledge of the alleged torture, but, under

5

Silva-Rengifo, government approval or knowledge is not required. Appellant's Brief, at 4-5. Governmental acquiescence may be shown, he argues, where evidence is produced to show that the government will be "willfully blind" to the alleged torture. See id. at 6. We have jurisdiction to determine whether the Board applied the correct burden of proof. See Roye, 693 F.3d at 339.

We will deny the petition for review to the extent that we have jurisdiction. As a CAT applicant, Dover must show that "it is more likely than not that [he] would be tortured in the proposed country of removal…." 8 C.F.R. § 1208.16(c)(2). See also Gomez-Zuluaga, 527 F.3d at 349 ("The 'more likely than not' standard is equivalent to the 'clear probability' standard used for [statutory] withholding of removal."). Dover also must show that the torture he fears will be inflicted by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity, 8 C.F.R. § 1208.18(a)(1). A CAT applicant can establish that the government in question acquiesces in torture by showing that the government is willfully blind to a group's activities and breaches its legal responsibility to prevent such harm. See Silva-Rengifo, 473 F.3d at 70. The acquiescence requirement does not require actual knowledge of torturous conduct. See id.

We conclude that the Board applied Silva-Rengifo and Gomez-Zuluaga properly in concluding that Dover failed to meet his burden of proof to show acquiescence by the Guyanese government in the activities of Vincent Davis and Gary Williams. Dover relies on the Government's 1997 § 5K1.1 letter, which notes the prosecutor's view that Dover's fear of being harmed by Vincent David and his associates might well be reasonable, and

6

he argues that a government can be found to be willfully blind where it is unable to control those engaged in torturous activities. Appellant's Brief, at 7. In Gomez-Zuluaga, we held that, where the Board applied an incorrect legal standard of governmental acquiescence in determining whether the alien qualified for CAT relief, the case would be remanded. In that case, however, we were concerned that police reports were being ignored and that the record evidence showed that, even if the proper authorities were alerted, they would do nothing to protect the alien. 527 F.3d at 350-51. We held that when police repeatedly ignore reports filed by the alien concerning violence and threats, this could constitute willful blindness. See id. at 351. We have no similar concern in Dover's case, and, accordingly, we reject as unpersuasive his argument that the Board misapplied our legal standard for governmental acquiescence. We see no basis in the record of these proceedings for concluding that the Board misapplied Silva-Rengifo and Gomez-Zuluaga. The agency required Dover to prove that the Guyanese government will breach its legal responsibility to prevent the harm alleged, and thus it properly applied the "willful blindness" standard.

For the foregoing reasons, we will dismiss the petition for review in part for lack of jurisdiction and deny it in all other respects.

7